## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF GEORGIA

**ELIZE SANCHEZ, on behalf of herself
and the class defined herein,**                              )
                                                             )
     **Plaintiff,**                                        )
                                                             )    **CIVIL ACTION NO.**
**v.**                                                       )
                                                             )    **1:15-cv-3096**
**VELOCITY INVESTMENTS, L.L.C.;
and MCCULLOUGH PAYNE &
HAAN, LLC,**                                                 )
                                                             )
     **Defendants.**                                      )

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY OF TWELVE

COME NOW Velocity Investments, LLC and McCullough, Payne & Haan, LLC ("MPH"), Defendants herein, and file this Answer and Affirmative Defenses to Plaintiff's Complaint and this Demand for Jury of Twelve, showing the Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and with reasonable care.

### THIRD AFFIRMATIVE DEFENSE

The prerequisites and requirements of Fed. R. Civ. Pro. 23 have not been met and, therefore, class certification is not appropriate.

### FOURTH AFFIRMATIVE DEFENSE

The prerequisites and requirements of Fed. R. Civ. Pro. 23 have not been met and, therefore, prosecution of this case as a class action is not warranted.

### FIFTH AFFIRMATIVE DEFENSE

Defendants acted in accordance with the legal and ethical standards governing their professions.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' actions were warranted by existing law or by reasonable belief that their actions were in accordance with the existing law.

### SEVENTH AFFIRMATIVE DEFENSE

If Defendant MPH's conduct is found to be in violation of applicable law, Defendant MPH is not liable pursuant to 15 USC §1692k(c), because its conduct constituted a *bona fide* error.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant MPH's conduct conformed with the requirements of 15 USC §1692.

- 2 -

## NINTH AFFIRMATIVE DEFENSE

Defendant Velocity was not a debt collector in the instance of which Plaintiff complains and, therefore, cannot be held liable for it under 15 USC §1692.

## TENTH AFFIRMATIVE DEFENSE

Venue as to Defendant Velocity does not lie in this Court.

## ELEVENTH AFFIRMATIVE DEFENSE

This court does or may lack jurisdiction over the person of Defendant Velocity.

## TWELFTH AFFIRMATIVE DEFENSE

Answering the individual paragraphs of Plaintiff's Complaint, these Answering Defendants show the Court as follows:

## INTRODUCTION

1.

These Answering Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Responding to the allegations contained paragraph 2 of Plaintiff's Complaint, these Answering Defendants show that the allegations contained therein constitute legal conclusions and, therefore, require no response from these Answering Defendants.

## JURISDICTION AND VENUE

3.

These Answering Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

These Answering Defendants deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

## PARTIES

5.

These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

6.

These Answering Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Responding to the allegations contained in paragraph 7 of Plaintiff's Complaint, these Answering Defendants show that the website is an electronic document and denies any allegations inconsistent therewith.

8.

These Answering Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

These Answering Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Responding to the allegations contained in paragraph 10 of Plaintiff's Complaint, these Answering Defendants show that the website is an electronic document and denies any allegations inconsistent therewith.

11.

Responding to the allegations contained paragraph 11 of Plaintiff's Complaint, these Answering Defendants show that the allegations contained therein constitute legal conclusions and, therefore, require no response from these Answering Defendants.

## FACTS RELATING TO PLAINTIFF

12.

These Answering Defendants admit that Defendant MPH sent a letter such as that attached as Exhibit A. These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

13.

These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

11277661v.1

14.

These Answering Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

These Answering Defendants do not know how Plaintiff defines a "form document" and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

16.

These Answering Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Responding to the allegations contained in paragraph 17 of Plaintiff's Complaint, these Answering Defendants show that the website is an electronic document and denies any allegations inconsistent therewith.

18.

These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

11277661v.1

18 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

19.

These Answering Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

**COUNT I - FDCPA**

20.

These Answering Defendants incorporate herein by reference all responses to paragraphs 1 through 19 of Plaintiff's Complaint as if fully set forth herein.

21.

These Answering Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Responding to the allegations contained paragraph 22 of Plaintiff's Complaint, these Answering Defendants show that the allegations contained therein constitute legal conclusions and, therefore, require no response from these Answering Defendants.

23.

These Answering Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Responding to the allegations contained paragraph 24 of Plaintiff's Complaint, these Answering Defendants show that the statute is a written document and denies any allegations inconsistent therewith.

25.

These Answering Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

These Answering Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

**CLASS ALLEGATIONS**

27.

Responding to the allegations contained paragraph 27 of Plaintiff's Complaint, these Answering Defendants admit that Plaintiff has alleged as stated, but deny that class action is appropriate or that Plaintiff should be allowed to proceed with the case as a class action.

28.

These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

29.

These Answering Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

These Answering Defendants admit the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Responding to the allegations contained paragraph 31 of Plaintiff's Complaint, these Answering Defendants show that the allegations contained therein constitute legal conclusions and, therefore, require no response from these Answering Defendants.

32.

Responding to the allegations contained paragraph 32 of Plaintiff's Complaint, these Answering Defendants show that the allegations contained therein constitute legal conclusions and, therefore, require no response from these Answering Defendants.

33.

These Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint and, therefore, can neither admit nor deny said allegations.

34.

These Answering Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

These Answering Defendants admit the allegations contained in paragraph 35 of Plaintiff's Complaint.

Any allegation contained in Plaintiff's Complaint which has not heretofore been specifically admitted or denied is hereby denied.

WHEREFORE, having fully answered, this Answering Defendants demand that they be dismissed hence with prejudice with all costs cast against Plaintiff. In the absence of the relief prayed for, these Answering Defendants demand a jury of 12 to try the issues when joined.

This 24th day of September, 2015.

**HAWKINS PARNELL THACKSTON & YOUNG LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308-3243
T (404) 614-7400
F (404) 614-7500
eoneill@hptylaw.com
kwhitlock@hptylaw.com

*/s/ Kathryn S. Whitlock*
M. Elizabeth O'Neill
Georgia Bar No. 058163
Kathryn S. Whitlock
Georgia Bar No. 756233
ATTORNEYS FOR DEFENDANTS

- 12 -

## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **ELIZE SANCHEZ, on behalf of herself**<br>**and the class defined herein,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **1:15-cv-3096** |
| **VELOCITY INVESTMENTS, L.L.C.;** | ) | |
| **and MCCULLOUGH PAYNE &** | ) | |
| **HAAN, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this *Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury of Twelve* complies with the font and point selections approved by the Court in Local Rule 5.1B in that it has been prepared in Times New Roman font, 14 point.

**HAWKINS PARNELL**
  **THACKSTON & YOUNG LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308-3243
T (404) 614-7400
F (404) 614-7500
kwhitlock@hptylaw.com

 */s/ Kathryn S. Whitlock*
Kathryn S. Whitlock
Georgia Bar No. 756233
ATTORNEYS FOR DEFENDANTS

- 13 -

11277661v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **ELIZE SANCHEZ, on behalf of herself**<br>**and the class defined herein,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **1:15-cv-3096** |
| **VELOCITY INVESTMENTS, L.L.C.;** | ) | |
| **and MCCULLOUGH PAYNE &** | ) | |
| **HAAN, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury of Twelve* was filed with the Clerk of Court using the CM/ECF system which will send notification to all parties of record.

This 24th day of September, 2015.

**HAWKINS PARNELL**
**THACKSTON & YOUNG LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308-3243      */s/ Kathryn S. Whitlock*
T (404) 614-7400                          Kathryn S. Whitlock
F (404) 614-7500                          Georgia Bar No. 756233
kwhitlock@hptylaw.com            ATTORNEYS FOR DEFENDANTS

- 14 -

11277661v.1