## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ELIZE SANCHEZ, on behalf of herself and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:15-cv-3096 |
| VELOCITY INVESTMENTS, L.L.C.; and MCCULLOUGH PAYNE & HAAN, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' INITIAL DISCLOSURES

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The names of Defendants are correctly stated.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None.

11287444

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Velocity Investments, L.L.C. did not act as a debt collector in this instance and, therefore, cannot be held liable for any violation of the Fair Debt Collections Practices Act ("FDCPA").

Defendant McCullough, Payne, Haan, LLC ("MPH") acted in good faith and had reasonable policies and procedures for ensuring that its conduct complied with the FDCPA. Its communications were not deceptive nor misleading to even the least sophisticated consumer. The designation it used was clear and employed abbreviations easily understood in context and in the industry.

Plaintiff has failed to prove that the members of the purported class are so numerous that joinder of all members is impracticable, that her claims are typical of the claims or defenses of the class or that she and/or her lawyer will fairly and adequately protect the interests of the class. Plaintiff also has failed to prove that prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or adjudications with respect to individual class members that, as a practical matter,

would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests or that Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole or questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Finally, Plaintiff has failed to show that the class members should not be able individually to control their own actions, that it is desirable to concentrating the litigation in this forum or that there would be difficulties in managing individual actions.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

15 U.S.C. §§1692 et seq.

Fed. R. Civ. Pro. 23

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying**

**the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Defendants state that it is early in the course of litigation and that discovery has just commenced; therefore, Defendants are unable to provide a complete descriptive answer to this Initial Disclosure at this time. See Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Defendants have made no determination as to expert witnesses at this time, but will timely supplement this response when it does.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Defendants state that it is early in the course of litigation and that discovery has just commenced; therefore, Defendants are unable to provide a complete descriptive answer to this Initial Disclosure at this time. See Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Defendants make no claim for damages in this case.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendants state that it is early in the course of litigation and that discovery has just commenced; therefore, Defendants are unable to provide a complete

descriptive answer to this Initial Disclosure at this time. At this time, Defendants state "No".

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

MPH has a policy of insurance with ProAssurance and will produce to Plaintiff a copy of the declarations page.

Submitted this 23rd day of October, 2015.

HAWKINS PARNELL
   THACKSTON & YOUNG LLP

| | |
|---|---|
| 303 Peachtree Street, NE | /s/ *Kathryn S. Whitlock* |
| Suite 4000 | M. Elizabeth O'Neill |
| Atlanta, Georgia 30308 | Georgia Bar No. 058163 |
| T: (404) 614-7400 | Kathryn S. Whitlock |
| F: (404) 614-7500 | Georgia Bar No. 756233 |
| eoneill@hptylaw.com | |
| kwhitlock@hptylaw.com | COUNSEL FOR DEFENDANTS |

## <u>Attachment A</u>

Plaintiff

Greg Haan (MPH)

Peter Ragan (Velocity)

Shimshon Wexler

## **Attachment B**

Expert reports

# **Attachment C**

Letter from MPH to Plaintiff

# **Attachment D**

Damages Documentation

## **Attachment E**

Insurance Policy Dec Page

**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **ELIZE SANCHEZ, on behalf of herself and the class defined herein,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| **v.** ) | |
| ) | **1:15-cv-3096** |
| **VELOCITY INVESTMENTS, L.L.C.;** ) | |
| **and MCCULLOUGH PAYNE &** ) | |
| **HAAN, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this *Defendants' Initial Disclosures* complies with the font and point selections approved by the Court in Local Rule 5.1B in that it has been prepared in Times New Roman font, 14 point.

                              **HAWKINS PARNELL
                                 THACKSTON & YOUNG LLP**


303 Peachtree Street, NE         */s/ Kathryn S. Whitlock*
Suite 4000                       Kathryn S. Whitlock
Atlanta, Georgia 30308           Georgia Bar No. 756233
T: (404) 614-7400
F: (404) 614-7500                COUNSEL FOR DEFENDANTS
kwhitlock@hptylaw.com


12

# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ELIZE SANCHEZ, on behalf of herself and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:15-cv-3096 |
| VELOCITY INVESTMENTS, L.L.C.; and MCCULLOUGH PAYNE & HAAN, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing *Defendants' Initial Disclosures* was filed this day with the Clerk of Court using the CM/ECF system which will send notification to all parties of record.

This 23rd day of October, 2015.

                          HAWKINS PARNELL
                            THACKSTON & YOUNG LLP

303 Peachtree Street, NE          /s/ *Kathryn S. Whitlock*
Suite 4000                        Kathryn S. Whitlock
Atlanta, Georgia 30308            Georgia Bar No. 756233
T: (404) 614-7400
F: (404) 614-7500                 COUNSEL FOR DEFENDANTS
kwhitlock@hptylaw.com

11287444v.1