UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELIZE SANCHEZ, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) **Case: 15-cv-03096-LMM-WEJ** |
| v. | ) ) ) |
| VELOCITY INVESTMENTS, LLC and MCCULLOUGH PAYNE & HAAN, LLC, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION**

Plaintiff, Elize Sanchez ("Plaintiff"), has requested an order certifying this Fair Debt Collection Practices Act ("FDCPA") case to proceed as a class action for the following class of similarly situated persons:

> **(i) All natural persons with a Georgia addresses (ii) who were sent a document in the form represented by Exhibit A (iii) seeking to collect a debt incurred for personal purposes (iv) with the words "Velocity Investments, LLC AAO TD BANK NORTH, NA" (v) on or after a date one year prior to the filing of this action.**

This memorandum is submitted in further support of Plaintiffs' motion.

**I. INTRODUCTION**

In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Brown v. Budget Rent-A-Car Sys., Inc*., 119 F.3d 922, 924 (11th Cir. 1997) (per curiam). The FDCPA does not ordinarily require proof of an intentional violation and, as a result, is described by some as a strict liability statute. See 15 U.S.C. § 1692k; *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

Class treatment of claims under the FDCPA is essential to its statutory structure. "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss v. Regal Collections*, 385 F. 3d 337, 345 (3d Cir. 2004). As the Fourth Circuit Court of Appeals recognized, "[w]ithout a real sting, the defendants would be unlikely to be deterred from violating the Act, in light of the substantial profit to be made using aggressive and improper collection practices." *United States v. National Fin. Services, Inc*., 98 F.3d 131, 141 (4th Cir. 1996). Congress, in fact, designated special remedies to

unnamed members of a class action filed under the FDCPA. *See* 15 U.S.C. §1692k(a),(b).

Because of their overwhelmingly common questions of fact and law, numerous district courts in the Eleventh Circuit have certified class actions, like here, based on form letters in the debt collection context. *See, e.g. Woodward v. Portfolio Recovery Associates* No. 4:14-cv-00078-HLM-WEJ (N.D. Ga. June 15, 2015) (Judge Johnson certifying an FDCPA class consisting of people who were served a Georgia Magistrate Court Statement of Claim); *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664 (S.D. Fla. 2014); *Klewinowski v. MFP, Inc.*, 2013 WL 5177865 (M.D. Fla. Sept. 12, 2013); *Lewis v. ARS Nat'l Services, Inc.*, 2011 WL 3903092 (N.D. Ala. Sept. 6, 2011); *Gaalswijk-Knetzke v. Receivables Mgmt. Services Corp.*, 2008 WL 3850657 (M.D. Fla. Aug. 14, 2008); *Agan v. Katzman & Korr*, P.A., 222 F.R.D. 692 (S.D. Fla. 2004); *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 (M.D. Fla. 2000); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665 (M.D. Fla. 1999). This Court should do the same.

## II. A BRIEF DESCRIPTION OF THE CLAIM

The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt collector" must "send the consumer a written notice containing"— along with other information—"the name of the creditor to whom the debt is owed[.]" 15

U.S.C. § 1692g(a)(2). *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

The identity of the "creditor" in these notices is a serious matter. *Id.* For the FDCPA, "creditor" is defined this way:

> "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Courts in the Eleventh Circuit use a "least sophisticated consumer" standard to determine whether conduct violates the FDCPA under Section 1692e. *LeBlanc*, 601 F.3d at 1193 (*citing Jeter v. Credit Bureau Inc.*, 760 F.2d 1168, 1175–77 (11th Cir. 1985)). This standard is an objective standard, which requires the Court to analyze "whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices." *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F.Supp.2d 1293, 1298 (M.D. Fla. 2001) (citing Jeter, 760 F.2d at 1175).

To comply with this requirement, a debt collector must <u>effectively</u> convey the required information to the debtor. *See Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) (emphasis added).This case arises out of Defendants' practice of mailing letters to consumers without effectively conveying the name of the creditor to whom the debt is owed.

On or about July 27, 2015, Defendants mailed to Plaintiff, and Plaintiff subsequently received, an initial communication letter. See Exhibit A. Despite the express requirement that Defendants effectively convey "the name of the creditor to whom the debt is owed," Defendants misleadingly and in various places in the letter identified an entity as "**Velocity Investments, LLC AAO TD BANK NORTH, NA**." Clearly, the small print, "**Velocity Investments**," followed by the bold, capitalized, "**TD BANK NORTH, NA**" is intended, at minimum, to confuse the least sophisticated consumer as to the true identity of the name of the creditor to whom the debt is owed. As explained below, most such consumers would conclude, and reasonably so, that the alleged debt is owed to **TD BANK NORTH, NA**. In reality, that is not the case. Without explaining to the least sophisticated consumer the meaning of the unintelligible abbreviation "AAO," and without identifying the role that Velocity Investments, LLC plays in the collection process, the least sophisticated consumer would have no idea that the "creditor" is actually a debt buyer whose claim to the alleged debt is tenuous at best. Accepting Plaintiff's allegations as true and construing them in the light most favorable to the Plaintiff, the statement on the July 2015 notice that plaintiff had an account with "**Velocity Investments, LLC AAO TD BANK NORTH, NA**." was a false representation and was made by a "debt collector" as defined in § 1692a of the FDCPA.

### III. ALL REQUIREMENTS OF RULE 23(a) HAVE BEEN MET

"Rule 23 [of the Federal Rules of Civil Procedure] establishes the legal roadmap courts must follow when determining whether class certification is appropriate." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). The party seeking to maintain the class action bears the burden of demonstrating that all the requirements of Rule 23 have been met. *Id*. Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) have been satisfied. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11thCir. 2004). Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and, (iv) that both the named representative and his counsel have and will continue to adequately represent the interests of the class (adequacy). *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1189-90 (11th Cir. 2009).

In this case, Plaintiffs seek certification of the proposed class under Rule 23(b)(3). In order to certify a class under Rule 23(b)(3), (i) questions of law or fact common to the proposed class members must predominate over any questions

affecting only individual members, and (ii) the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); *Klay*, 382 F.3d at 1251.

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiffs' claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974). Indeed, a court should only consider "the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Babineau*, 576 F.3d at 1190. Thus, courts are required to analyze the allegations of the complaint and any evidence submitted by the parties, with a presumption in favor of certification. *Id*.

### A. The Class Is Sufficiently Numerous. Fed. R. Civ. P. 23(a)(1)

The first requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The focus of the numerosity inquiry is not whether the number of proposed class members is "too few" to satisfy the Rule, but "whether joinder of proposed class members is impractical." *Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D. Fla. 1986). "[A] plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir.1983). "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Terrill v.*

*Electrolux Home Products, Inc.*, No. CV 108-030 (S.D. Ga. Oct. 11, 2013) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986).

In this case, Defendants' counsel has represented that there are at least 57 class members under the current class definition. This number easily satisfies the numerosity requirement. Plaintiff's claims are all based on the same form initial debt collection letters used by Defendants where the letter is exactly the same for each class member except for the name and address of the consumer and the date. There should be no difficulty ascertaining who the members of the Class are as, upon information and good faith belief, Defendants have records identifying the members of the Class.

**B.    Common Questions of Law or Fact Predominate Over Individual Issues. Fed R. Civ. P. 23(a)(2) and 23(b)(3)**

Next, Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality requirement, the representative plaintiff is required to demonstrate that the proposed class members "have suffered the same injury." *Wal- Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention…of such a nature that it is capable of classwide resolution - - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

The questions of fact and law at issue here are entirely common. The claims asserted by Plaintiff and the Class originate from the same conduct, practice, and procedure on the part of Defendants, namely the issuance of a standardized initial debt collection letter. Thus, if brought and prosecuted member would require proof of the same material and substantive facts. For these reasons, claims brought as a result of a form letter are routinely certified as class actions. *See Agan v. Katzman & Korr,* No. 03-62145-CIV-DIMITROULEAS (S.D. Fla. July 16, 2004) (finding commonality satisfied where "[a]ll of the proposed class members received the same form letter and claim of lien, and all of the proposed class members have the same legal question of whether the form letter and claim of lien violated the FDCPA and FCCPA."); *Swanson*, 186 F.R.D. at 668 ("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter."); *Gaalswijk-Knetzke*, 2008 WL 3850657, at *3 (finding commonality where "[a]ll received the identical or substantially similar letter from Defendant.").

"[T]he threshold for commonality is not high." *In re Recoton Corp. Sec. Litig.,*. 248 F.R.D. 606 (M.D. Fla. 2006). (*quoting Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003)). Rather, the requirement is satisfied where there is "at least one issue affecting all or a significant number of proposed class members." *Agan*, 222 F.R.D. at 697 (finding that the commonality requirement is

"generally satisfied when a plaintiff alleges that defendants have engaged in a standardized course of conduct that affects all class members"). "The requirement is met if the questions linking the class members are substantially related to the resolution of the litigation even though the individuals are not identically situated." *Collins v. Int'l Dairy Queen, Inc.*, 168 F.R.D. 668, 673-74 (M.D. Ga. 1996) (*quoting Coleman v. Cannon Oil Co.*, 141 F.R.D. 516, 521 (M.D. Ala. 1992)).

### C. Plaintiff's Claims are Typical of Those of the Class. Fed R. Civ. P. 23(a)(3)

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Although similar to commonality in that it concentrates on the "nexus" between class members and the named class representative, typicality differs from commonality in that it focuses on the named class representative's individual characteristics in comparison to the proposed class. *Piazza v. EBSCO Indus. Co.*, 273 F.3d 1341, 1346 (11th Cir. 2001).

"The test for typicality, like commonality, is not demanding." *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996) ("The Eleventh Circuit has held that the requirement of typicality is satisfied where the interests of the named parties arise from the same course of conduct that gave rise to the claims of the class they seek to represent, and are based on the same legal or remedial theory; furthermore, typicality will not be destroyed by factual

variations."). To defeat typicality, the factual variation of a class representative "must be clear and must be such that interests of the class are placed in significant jeopardy." *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla. 2004).

Here, Plaintiff and the members of the Class suffered from a common practice employed by Defendants. Thus, Plaintiff possesses the same interests and has suffered the same injuries as each class member and asserts identical claims and seeks identical relief on behalf of the unnamed class members. As a result, Plaintiff's claims are typical of those of the Class she seeks to represent. *See Agan*, 222 F.R.D. at 698 ("Parties seeking class certification have satisfied the typicality requirement by showing that all prospective class members received a variation of the same collection letter."); *Swanson*, 186 F.R.D. at 668 ("Because Plaintiff alleges that the notice itself was contradictory and misleading to the least sophisticated consumer and Plaintiff as well as the putative class received the notice, the Court finds that typicality has been shown."); *Gaalswijk-Knetzke*, 2008 WL 3850657, at *3 ("Because the same or substantially similar letter was sent to all class members as well as the class representative, the Court finds that typicality has been satisfied.").

### D.  Plaintiffs and Counsel Will Adequately Represent the Class. Fed. R. Civ. P. 23(a)(4)

Among the prerequisites to the maintenance of a class action is the requirement of Rule 23(a)(4) that the class representatives "will fairly and adequately protect the interests of the class." The purpose of this requirement, as of many other of Rule 23's procedural mandates, is to protect the legal rights of absent class members. *Kirkpatrick v. JC Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987). "The adequate representation requirement involves questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and of whether plaintiffs have interests antagonistic to those of the rest of the class." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir.1985).

Plaintiff has retained the services of counsel experienced in complex class action litigation, who will fairly and adequately prosecute this action and protect all absent Class members. Plaintiff's counsel, The Law Offices of Shimshon Wexler, PC, has ample experience representing plaintiffs in consumer class actions, and is well-equipped to handle the instant litigation. Counsel has intimate knowledge of the law applicable to this action is prepared to commit the resources necessary to represent the class. See Exhibit B; Declaration of Shimshon Wexler.

Plaintiff's claims are aligned with the claims of Class members. Plaintiff is committed to vigorously pursuing the members' claims with their best interests in mind. Plaintiff will fairly and adequately protect the interests of the Class and has

no interests adverse to or which directly and irrevocably conflict with the interests of other members of the Class (Doc.1, ¶33).

A relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here the named Plaintiff and the class members seek statutory damages as the result of Defendant's failure to provide information and for misleading and deceptive collection practices. Given the identical nature of the claims between Ms. Sanchez and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named Plaintiff and those of the class. The Rule 23(a)(4) requirements have been satisfied. The named Plaintiff, Elize Sanchez, should be appointed as the class representatives. Shimshon Wexler should be appointed as class counsel.

## IV. A CLASS ACTION IS SUPERIOR TO INDIVIDUAL ACTIONS

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied. Here, Plaintiffs seeks certification of the proposed Class under Rule 23(b)(3). Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair

and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). As discussed below, this case easily meets the requirements.

### A. Common Questions of Law and Fact Predominate

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). Indeed, "[p]redominance means that the issues in a class action must be capable of generalized proof such that the issues of the class predominate over those issues that are subject only to individualized proof." *Gaalswijk-Knetzke*, 2008 WL 3850657, at *4.

The objective of Rule 23(b)(3) is to promote economy and efficiency in actions that are primarily for money damages. Where common questions "predominate," a class action can achieve economies of time, effort, and expense as compared to separate lawsuits, permit adjudication of disputes that cannot be economically litigated individually, and avoid inconsistent outcomes, because the same issue can be adjudicated the same way for the entire class. Fed. R. Civ. P. 23(b)(3), advisory committee's note (1966).

Here, common issues necessarily predominate because Plaintiff's claims are all based on standardized conduct by Defendants, including its form initial debt collection letter. For this reason, courts in this Circuit routinely find that claims

based on form debt collection letters satisfy the predominance requirement of Rule 23(b)(3). *See Sharf*, 295 F.R.D. at 671 ("Because the main issue in dispute in this case is whether form letters sent to Plaintiff and all other class members violate the FDCPA and FCCPA, common issues predominate."); *Klewinowski*, 2013 WL 5177865, at *4 ("Furthermore, the common question to be decided is whether the "YOUR CREDITORS" letter violates the FDCPA. This common issue predominates over any other issue presented in this matter, and thus, the requirement of predominance has been satisfied."); *Agan*, 222 F.R.D. at 701 ("The Court finds that Plaintiffs have satisfied Rule 23(b)(3) and that monetary damages are appropriate in this class action. The common issues presented by sending allegedly illegal form letters and claims of lien predominate over any individual issues presented, and the class action is the superior method for resolving this dispute because it would be uneconomical to litigate these issues individually."); *Gaalswijk-Knetzke*, 2008 WL 3850657, at *4 (finding common issues predominate where "all of the claims of the named Plaintiff and the class members are based on the same legal theories, the same form collection letters, and the same remedy"); *Fuller*, 197 F.R.D. at 701-02 ("The essential common factual link between all of the prospective class members is the letters sent by Defendants. Plaintiffs' basis for the claim is the language and content of the letters.").

As Judge Thompson explained in certifying a class action based on an allegedly misleading form debt collection letter:

> In general, predominance is a test readily met in certain cases alleging consumer ... fraud. Here, not only will class-wide issues of proof predominate, but it is unlikely that there will be any issues of individualized proof. To determine whether the collection letters sent by American Recovery Systems violated the FDCPA, the court will not need to question whether each class member was deceived or misled by the privacy notice, because the least sophisticated consumer standard governs. Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the least sophisticated consumer would have been misled. Thus, the only individualized proof necessary will be whether each class member received a letter identical to [Plaintiff's]. Since that is a prerequisite for joining the class, the court finds that common questions of fact and law predominate in this case.

*Lewis*, 2011 WL 3903092, at *5.

### B. The Class Action Mechanism is Superior to Other Available Methods for the Litigation of this Matter.

The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008). When evaluating the superiority requirement of Rule 23(b)(3), the Court must consider (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of claims in the

particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3). Because the claims in this case all arise from the same conduct and form debt collection letters and filings, a class action is the superior vehicle for determining the rights of absent class members. Here, no one member of the Class that Plaintiff seeks to represent has an interest in controlling the prosecution of the action because the claims of all members of each Class are identical as the allegations involve standardized conduct, and each Class member is likely to have suffered relatively small statutory damages. In certifying FDCPA claims, Judge Scola explained:

> The Court finds that resolving the issues raised by the Plaintiff in a class action would be superior to other available methods to fairly and efficiently resolve this controversy. As explained above, common questions of law and fact predominate over any individualized issues. In addition, the Court finds that the large number of claims, along with the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the probability that individual members would not have a great interest in controlling the prosecution of these claims, all indicate that [a] class action would be the superior method of adjudicating Plaintiffs' claims under the FDCPA [].

*Muzuco v. Re$ubmitt, LLC*, --- F.R.D. ----, 2013 WL 4566305, at *15 (S.D. Fla. Aug. 28, 2013); *See also Gaalswijk-Knetzke*, 2008 WL 3850657, at *5 ("Congress, however, did not contemplate that suits under the FDCPA would be adjudicated by means of large numbers of individuals filing separate suits. On the contrary, Congress provided for class actions as a means for recovery to overcome the

problem that small recoveries do not provide the incentive for any individual to bring a solo action."); *Agan*, 222 F.R.D. at 701 (finding a class action superior because, in part, "Debtors who seek to change the unfair debt collection practices may lack the incentive to bring action under the FDCPA and the FCCPA because successful plaintiffs are only awarded a maximum of $1,000."). A class action, therefore, is the superior method of adjudicating this controversy.

## V. CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Class Certification and Appointment of Class Counsel, approve Plaintiff as Class Representative, and appoint The Law Offices of Shimshon Wexler, PC as Class Counsel.

Dated: November 11, 2015

/s/ Shimshon Wexler
Georgia Bar No. 436163