## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ELIZE SANCHEZ, individually and on behalf of a class, | ) ) | |
| | ) | |
| Plaintiff, | ) | **Case: 15-cv-03096-LMM-WEJ** |
| | ) | |
| v. | ) | |
| | ) | |
| VELOCITY INVESTMENTS, LLC and MCCULLOUGH PAYNE & HAAN, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF SHIMSHON WEXLER, ESQ.
## IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Shimshon Wexler, an attorney admitted to practice before this Court, hereby

declares, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am an attorney duly admitted to practice law in the State of Georgia

and the Bar of this Court.  I am counsel of record for Plaintiff Elize Sanchez and,

as such, I am familiar with all of the facts set forth herein and state them to be true.

I submit this affidavit in support of Plaintiff's Motion for Class Certification, my

appointment as Class Counsel, and other relief.

2.     I have been admitted to practice law in the State of New York since

January 11, 2010 and have been admitted to the State Bar of Georgia since June

19, 2015. I have remained a member in good standing since that time. I am also

admitted to practice law before the United States District Courts for the Middle

District of Georgia, Eastern District of New York, Southern District of New York, Northern District of New York and Western District of New York.  I am also admitted to practice before the bar of the Northern District of Florida. I am also admitted to practice law before the United States Court of Appeals for the Second Circuit and Eleventh Circuit.

3.     My license to practice law has never been suspended or revoked by the State of New York or by any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

4.     I received my bachelor's degree from Touro College in 2003 and graduated from New York Law School in 2009.

5.     Just following and prior to my graduation from law school and admission to the New York bar, I worked as a paralegal and attorney for the law firm of Herzfeld & Rubin, PC.

6.     At Herzfeld & Rubin, PC, I worked on a variety of complex commercial and consumer matters.

7.     Since leaving Herzfeld & Rubin, PC in late 2010, I have been engaged as a solo practitioner and have a growing practice representing consumers on claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.*

("FDCPA"), the Electronic Funds Transfer Act 15 U.S.C. §§1693, *et seq*.

("EFTA"), and the Fair Credit Reporting Act 15 U.S.C. §§1681, *et seq*. ("FCRA").

8.     I am now, and have been, involved in actions brought as individual

claims as well as class actions. My cases have been filed in the Northern District of

Georgia, Eastern District of New York, Western District of New York, Northern

District of New York and the Southern District of New York.

9.     I have been certified to act as sole class counsel in the FDCPA class

action lawsuit of *Gonzalez v. Relin, Goldstein & Crane, LLP*, U.S. District Court,

S.D.N.Y. Case No. 12-cv-783-ER and the Electronic Funds Transfer Act lawsuit of

*Fried v. The Bank of Castile*, U.S. District Court, W.D.N.Y. Case No. 12-cv-624-

WMS.  I have also been certified as class co-counsel in the FDCPA class action of

*Burton v. Nations Recovery Center, Inc.*, US District Court, E.D.N.Y. Case No. 13-

cv-1426-BMC and the FCRA class actions of *Katz v ABP Corp.*, U.S. District

Court, E.D.N.Y. Case No. 12-cv-4173-ENV-RER and *Schwartz v Intimacy*, U.S.

District Court, S.D.N.Y. Case No. 13-cv-5735-PGG.

10.     In *Calton v Pressler & Pressler, LLP*, U.S. District Court, S.D.N.Y.

Case No. 10-cv2117-LMM, I filed a motion for reconsideration of the portion of

the Court's opinion which held that New York's Exempt Income Protection Act

only exempted $1,740 in a consumer's account from a creditor's restraining notice

when the account contained less than $1,740 but not an account that held more

than $1,740. This opinion could have had a negative impact on consumers by allowing creditors to take every last dime of an account with more than $1,740 and causing the consumer not to have money for basic necessities like food and medicine. The Court issued an amended opinion 5 days after I filed the motion deleting the portion of the Court's decision allowing a creditor to have access to all the money in an account with more than $1,740.

10.    The majority of my law practice is contingent fee litigation on behalf of plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2015

/s/ Shimshon Wexler
Georgia Bar No. 436163