IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ELIZE SANCHEZ, on behalf of herself ) <br> and the class defined herein, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VELOCITY INVESTMENTS, L.L.C.; ) <br> and MCCULLOUGH PAYNE & ) <br> HAAN, LLC, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 1:15-cv-3096 |

**BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

COME NOW Velocity Investments, LLC and McCullough, Payne & Haan, LLC ("MPH"), Defendants herein, and file this, their Brief in Opposition to Plaintiff's Motion for Class Certification, showing the Court as follows:

This case was filed under the auspices of the Fair Debt Collections Practices Act ("FDCPA"). FDCPA was passed to eliminate abusive debt collection practices, not to create a windfall for creative plaintiff's attorneys and most certainly not to do so at the expense of absent proposed class members. 16 USC §1692; *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir.1997).

**Statement of Facts**

The contended FDCPA violation in this case is, at best, a hyper-technical, immaterial violation of an already technical statute, which violation exists only if additional terms are engrafted onto the statute. *See, Summer et al. v. Security Credit Services, LLC*, A15A1490 (Ga. Ct. App. 11/16/15). Plaintiff complains that MPH sent to Plaintiff a letter in which MPH identified both the original and current creditor, i.e., Velocity Investments, LLC as assignee of TD Bank North, NA.[1] Without explaining how, Plaintiff contends that, because MPH listed Velocity as the assignee of TD Bank, MPH's statement that Plaintiff was indebted to "Velocity Investments, LLC AAO TD BANK NORTH, NA" was "false, deceptive and misleading" and failed to identify for Plaintiff the name of the current creditor.

In order to reach these conclusions, one must engraft onto the statutory language new requirements: a debt collector must "effectively" convey information in its first communication to a debtor in a way that leaves no person in any circumstances with any question about any word that is being transmitted. Dkt.14-

---

[1] Plaintiff does not identify any conduct on the part of Velocity that even allegedly is violative of the statute and Velocity should not be a party to the action. *In re Faust*, 270 B.R. 310, 317 (M.D.Ga. 2010)(FDCPA does not provide for vicarious liability).

1 at 4. That this was not Congress' intent is clear for many reasons, including the statutory scheme. The procedure itself presumes that questions will remain after the initial communication from the debt collector and provides a mechanism for the debtor and the debt collector to exchange important information at that time. 16 USC §1692(g). That it is Plaintiff's intent to engraft these requirements is clear from the fact that she filed suit in the first instance and seeks class certification in the second. The merits of her claims as an individual plaintiff can be addressed at a later point in time. The merits of her claim to be the representative of a class are to be addressed now.

## Argument and Citation of Authority

Class certification is a procedural question separate from the merits of the case. A request to proceed as a class action is governed by Federal Rule of Civil Procedure 23 and the movant has the burden of establishing that (s)he has satisfied each of the rule's certification requirements. *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D. 677, 683 (N.D.Ga.1991). The Court ordinarily does not inquire into whether a plaintiff has adduced sufficient evidence to prevail on the merits of her claims when assessing a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Hudson v.*

*Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir.1996). Nonetheless, the class certification process is not "a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, __ U.S.__, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011).

Instead, the Court is to perform a "rigorous analysis" of the arguments offered in support of certifying the class. *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir.1984). The goal of the analysis is for the Court to have a sufficient basis upon which to exercise its discretion to determine if class litigation is warranted. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir.1992); *Rhodes v. Cracker Barrel Old Country Store, Inc.,* 213 F.R.D. 619 (N.D. Ga. 2003). In this case, the "rigorous analysis" shows that there is not sufficient evidence to merit certifying a class.

Rule 23 allows a proposed class member to sue as a representative of a number of persons only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688 (N.D. Ga. 2012). The Rule 23(a) requirements are often referred to as numerosity,

commonality, typicality, and adequacy of representation. *See* Fed.R.Civ.P. 23(a). They are designed to limit class claims to those fairly encompassed by the named plaintiff's individual claims. *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir.2001).

If a plaintiff meets his/her burden under Rule 23(a), the Court moves to Rule 23(b) and conducts a rigorous analysis there, too. In that instance, the Court is looking to see if the plaintiff has demonstrated (1) that questions of law or fact common to proposed class members predominate over any questions affecting only individual members ("predominance"); and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy ("superiority"). Fed.R.Civ.P. 23(b)(3); *Babineau v. Federal Exp. Corp.,* 576 F.3d 1183 (11th Cir. 2009). Plaintiff herein fails to prove the requirements of either Rule 23(a) or 23(b), so her motion should be denied.

**A. Rule 23(a)**

    1. <u>Numerosity</u>

Mere allegations of numerosity are insufficient to meet this prerequisite. *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir.1983). Plaintiff in the case at bar has presented nothing more than such allegations. Statements of

counsel, of course, are not evidence. *U.S. v. Handly*, 591 F.2d 1125 (5th Cir. 1979). Since a plaintiff bears the burden of making some showing, affording the district court the means to make a supported factual finding that the class actually certified meets the numerosity requirement, and Plaintiff herein has failed to do so, the motion should be denied on this ground. *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256 (11th Cir. 2009).

    2.    <u>Commonality</u>

"Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir.2001). That is, the determination of the claim's truth or falsity will resolve a core issue that validates each claim in one stroke. *Saturday v. Collectron, Inc.*, 2011 WL 7094539 (S.D. Ga. 2011). There is no such commonality in this case.

Under FDCPA, a plaintiff can only recover if (s)he shows that (a) (s)he owed a debt (b) arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes and (c) the defendant attempted to collect that debt (d) through false, deceptive and/or misleading means. 15 U.S.C.A.

§1692a. If the plaintiff proves these four factors (and no affirmative defense is proved), (s)he can then recover actual damages plus statutory damages that a court deems appropriate for his/her particular circumstances. 15 U.S.C.A. §1692k. None of these issues is common to the class sought to be certified by Plaintiff herein.

Proving that Plaintiff owed a debt proves nothing about whether some other proposed class member was indebted. Likewise, whether Plaintiff incurred the debt for personal purposes does not show why another proposed class member incurred his/her debt. Each purported proposed class member will be required to prove that MPH attempted to collect a debt from him/her and each will be required to prove the actual damages, if any, (s)he sustained and the statutory damages that are appropriate to him/her. Therefore, there is little that can be proved with one fell stroke, the element of commonality is absent, and the motion should be denied.

3. Typicality

Related to, but separate from, the commonality requirement is the typicality requirement. The plaintiff must show that his/her claim is typical of the claims of the other proposed class members. *Sandlin v. Shapiro & Fishman,* 168 F.R.D. 662 (M.D. Fl. 2000). Plaintiff cannot do that in this case because she cannot show, among other things, that she incurred a debt similar to the other proposed class

members, for a purpose similar to the other proposed class members, or that her damages were similar to other proposed class members. She argues that she "suffered the same injuries" as the other proposed class members, but has admitted she suffered none. Dkt. 14-1 at 11. Moreover, her counsel admitted that he spoke to no other proposed class members, so it is not possible even to guess whether Plaintiff and her situation is typical of those proposed class members. Dkt. #13. Therefore, the typicality requirement is not met and class certification is not appropriate. *See Moore v. Am. Fed'n of Television & Radio Artists*, 216 F.3d 1236, 1241–42 (11th Cir. 2000).

  4.  Adequacy

Finally, Plaintiff in this case has failed to prove that she is an adequate representative of the class. Plaintiff has presented no evidence indicating that she understands the responsibility inherent in potentially representing hundreds of unnamed proposed class members or that she is able to do so. *Wein v. Master Collectors, Inc.* 1995 WL 550475 (N.D. Ga. 1995). Further, Plaintiff has not established, through deposition testimony or otherwise, that she understands the case and is willing and able to take an active role in the litigation. *Spinelli v.*

*Capital One Bank*, 2009 WL 700705 (M.D. Fl. 2009). Simply hiring counsel is not enough. *Jones v. Roy,* 202 F.R.D. 658 (M.D. Ala. 2001).

Further, Plaintiff's counsel has failed to show that he adequately can protect the proposed class members' interests. In the Joint Preliminary Report, he waived all proposed class members rights to recover actual damages without any information about what those damages might be. Dkt. 11 at 1(c). Further, Plaintiff's counsel failed to request a hearing or present any evidence on the Rule 23.1 communications issue. Dkt. 14. This, "surely bears strongly on the adequacy of the representation that those proposed class members might expect to receive." *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 696 (N.D. Fl. 2006). Moreover, while Plaintiff's counsel, in his declaration, asserts that he will devote the resources necessary to prosecution of the case as a class action, according to the State Bar directory and Mr. Wexler's firm's website, Mr. Wexler is a sole practitioner who has been in Georgia for only a few months. The availability even of administrative resources necessary to adequately represent a class of plaintiffs thus appears questionable.

**B.     Rule 23(b)**

Pretermitting Plaintiff's failure to make the necessary showing under Rule 23(a), her motion would be subject to denial because of her failure to make the necessary showings under Rule 23(b). *Coleman v. Cannon Oil Co.*, 141 F.R.D. 516, 520 (M.D.Ala.1992). Plaintiff argues that the Rule 23(b) requirement at issue in this case is predominance. Rule 23(b)(3) allows the certification of a class where: the court finds that the questions of law or fact common to proposed class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy. Fed.R.Civ.P. 23(b)(3).

1.     <u>Predominance</u>

As noted above, common questions of law or fact do not predominate in this case over questions affecting only individual members. There, in fact, is only a single core issue which is common to all proposed class members and that is the new requirement Plaintiff seeks to engraft onto the statute: whether MPH must "effectively" convey information in its first communication to a debtor in a way that leaves no person in any circumstances with any question about any word that is being transmitted. This question (if it is even to be asked) does not predominate

over the questions of whether any particular proposed class member is a member of the class Congress sought to protect, any given proposed class member was subject to the conduct which Congress targeted, and whether any particular proposed class member suffered the injury which Congress sought to remedy. Therefore, the common issue does not predominate and class certification is not warranted.

2. <u>Superiority</u>

Finally, contrary to Plaintiff's representations, the Courts in this circuit do not "routinely" grant class certification in any case. Instead, they conduct a thorough analysis to determine in each case in which certification is requested if it is appropriate. The superiority requirement in Rule 23 directs Court's attention to "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir.2004). The superiority requirement is rooted in the idea that the litigation is to be conducted as efficiently and as fairly as possible for *all* parties. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615, 117 S.Ct. 223, 1138 L.Ed.2d 689 (1997).

One of the factors taken into consideration in this Circuit on this issue is the defendant's conduct and the harm to the class in relation to the potential damages that are sought.  *See Klay,* 382 F.3d at 1271.

> [W]e assess whether the potential damages available in a class action are grossly disproportionate to the conduct at issue. Where the defendant's alleged behavior is deliberate or intentional, we have had no problem allowing class actions to proceed. Where defendants are being sued for statutory damages for unintentional acts under a strict liability standard, however, courts take a harder look at whether a defendant deserves to be subject to potentially immense liability.... In cases where the defendants' potential liability would be enormous and completely out of proportion to any harm suffered by the plaintiff, we are likely to find that individual suits, rather than a single class action, are the superior method of adjudication.

*Klay*, 382 F.3d at 127.  *See also London v. Wal–Mart Stores, Inc.*, 340 F.3d 1246, 1255 n. 5 (11th Cir.2003)(class action not superior where case involves technical violations of a "complex regulatory scheme, subject to different reasonable interpretations" and "defendants' potential liability would be enormous and completely out of proportion to any harm suffered by plaintiff"); *Wilcox v. Commerce Bank of Kansas City,* 474 F.2d 336, 347 (10th Cir.1973)(class certification inferior "where the complaint contains no indication of any actual damages in substantial or provable amount" and "aggregated relief would be oppressive in consequence and difficult to justify"); *In re Trans Union Corp.*

*Privacy Litig. v. Trans Union,* 211 F.R.D. 328, 350–51 (N.D.Ill.2002) (class action lacked superiority in part because of due process concerns where statutory damages would be "grossly disproportionate" to any actual damages suffered by plaintiffs); *Ratner v. Chem. Bank N.Y. Trust Co.,* 54 F.R.D. 412, 416 (S.D.N.Y.1972)(class prosecution lacked superiority where "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class or to any benefit to defendant, for...technical and debatable violation of the Truth in Lending Act"). *Hillis v. Equifax Consumer Services, Inc.,* 237 F.R.D. 491 (N.D. Ga. 2006).

In this case, Plaintiff seeks certification in a case in which her actual damages are so minimal she is willing to waive them on the front end. Moreover, her attorney is willing to forego even exploring whether other proposed class members might have sustained actual losses. And, for this non-injury, Plaintiff seeks to recover a full 1% of MPH's net worth. Plaintiff's counsel seeks to recover even more as he has noted, in conversations with Defendants' counsel, that his award of attorneys' fees will not be limited by the 1% cap. Class certification clearly then is not superior for Defendants.

That it is not superior for the named Plaintiff or the proposed class members also is clear if one uses the numbers Plaintiff's counsel posits. If there are 57 class

members, the net worth of MPH must be $5,700,000 for any proposed class member to recover the $1,000 in statutory damages that (s)he might recover in an individual case. MPH is a firm of six attorneys with a single office in Atlanta. The chances of it having a net worth, according to Generally Accepted Accounting Principles, that exceed $5,700,000 are slim. *See Broaddus v. U.S. Army Corps of Engineers,* 380 F.3d 162 (4th Cir. 2004); *Sanders v. Jackson,* 33 F.Supp.2d 693 (N.D. Ill. 1999); *C. Brewer and Co., Ltd. v. Hawaii Ins. Guar. Ass'n.,* 123 Hawai'i 135 (2010). Thus, if the case proceeds as a class action, Plaintiff and class members are likely to recover considerably less than they would in individual actions. This fact militates heavily in favor of denying class certification. *Leyse v. Corporate Collection Services, Inc.,* 2006 WL 2708451(S.D. N.Y. 2006); *Sonmore v. CheckRite Recovery Services, Inc.,* 206 F.R.D. 257 (D. Mn. 2013). *Accord, Vega, supra*

    Indeed, the only person who will benefit from class certification in this case is Plaintiff's counsel. As he noted, fees incurred are not limited by the 1% cap of the statute and there will be much work to do if the case is a class action. That he has every intention of expanding that work to the full extent possible is evidenced by the first set of discovery Plaintiff's counsel served on Defendants.

In a case in which Congress has determined that $1,000 is a reasonable maximum damages and Plaintiff has admitted she suffered no injury at all, Plaintiff's counsel served on Defendants 17 Requests for Admission, 15 Interrogatories, and 16 Requests for Production. In those discovery requests, Plaintiff asks for everything from, "All proposals and bids defendants submitted to governmental agencies which describe defendants' business," to "Identify any person(s) who, at any time, has been employed by McCullough and Velocity either serially or simultaneously" to "Defendants' annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years."

None of these questions are even arguably proper in a single plaintiff case. Moreover, the requests, on their face, do not seek to further the just, speedy, and inexpensive determination of the case and do not seek information and discovery proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ. Pro. 1, 26(b)(1). Instead, the requests

seemed designed to burden Defendants to the point that they will cave and settle on terms Plaintiff's counsel finds acceptable or to increase the fees which Plaintiff's counsel will seek at the end of the matter, assuming his client prevails on her novel theory. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2006). As noted at the outset, that result was never Congress's intent in passing FDCPA and it would be unjust to allow the statute to be used to cause it now.

## Conclusion

In short, Plaintiff has failed to make any of the showings required under the Federal Rules that would warrant class certification. On the record before this Court, there is no evidence that supports a finding of numerosity, commonality, typicality, or adequacy of representation. In fact, there is evidence that disproves these elements. Moreover, even if those showings had been made, there is no evidence that class issues predominate or that prosecuting the claims as a class is a superior way of litigating the issue. The record, as it stands, shows that the no party (named Plaintiff, proposed class members, or Defendants) would benefit from the class procedure. The only person that stands to benefit is Plaintiff's counsel. Since benefiting Plaintiff's counsel was not and never has been the purpose behind

FDCPA nor class certification, it should not be a basis for granting certification in this case.

WHEREFORE, for the above and foregoing reasons, Defendants Velocity Investments, LLC and McCullough, Payne & Haan, LLC pray that Plaintiff's Motion for Class Certification be DENIED.

This 24th day of November, 2015.

**HAWKINS PARNELL**
  **THACKSTON & YOUNG LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308-3243     */s/ Kathryn S. Whitlock*
T (404) 614-7400                M. Elizabeth O'Neill
F (404) 614-7500                Georgia Bar No. 058163
eoneill@hptylaw.com             Kathryn S. Whitlock
kwhitlock@hptylaw.com           Georgia Bar No. 756233
                                ATTORNEYS FOR DEFENDANTS

11297558v.1

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ELIZE SANCHEZ, on behalf of herself and the class defined herein,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>VELOCITY INVESTMENTS, L.L.C.;  )<br>and MCCULLOUGH PAYNE &  )<br>HAAN, LLC,  )<br>)<br>Defendants.  ) | CIVIL ACTION NO.<br><br>1:15-cv-3096 |

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this *Brief in Opposition to Plaintiff's Motion for Class Certification* complies with the font and point selections approved by the Court in Local Rule 5.1B in that it has been prepared in Times New Roman font, 14 point.

                                                    HAWKINS PARNELL
                                                       THACKSTON & YOUNG LLP

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308-3243      */s/ Kathryn S. Whitlock*
T (404) 614-7400                        Kathryn S. Whitlock
F (404) 614-7500                        Georgia Bar No. 756233
kwhitlock@hptylaw.com          ATTORNEYS FOR DEFENDANTS

11297558v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ELIZE SANCHEZ, on behalf of herself and the class defined herein,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>)<br>**v.** )<br>)<br>**VELOCITY INVESTMENTS, L.L.C.; and MCCULLOUGH PAYNE & HAAN, LLC,** )<br>)<br>)<br>)<br>**Defendants.** ) | **CIVIL ACTION NO.**<br><br>**1:15-cv-3096** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Brief in Opposition to Plaintiff's Motion for Class Certification* was filed with the Clerk of Court using the CM/ECF system which will send notification to all parties of record.

This 24th day of November, 2015.

                                    **HAWKINS PARNELL**
                                      **THACKSTON & YOUNG LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308-3243    */s/ Kathryn S. Whitlock*
T (404) 614-7400                        Kathryn S. Whitlock
F (404) 614-7500                        Georgia Bar No. 756233
kwhitlock@hptylaw.com       ATTORNEYS FOR DEFENDANTS

11297558v.1