IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ELIZE SANCHEZ,
on behalf of herself and all others
Similarly situated,

        Plaintiff,

vs.                            **Case No.: 1:15-CV-3096-LMM-WEJ**

VELOCITY INVESTMENTS, L.L.C.
and MCCOLLOUGH PAYNE & HAAN,

        Defendants.

### REPLY MEMORANDUM
### IN SUPPORT OF
### PLAINTIFFS MOTION FOR CLASS CERTIFICATION

Plaintiff Elize Sanchez replies to Defendants' Brief in Opposition to Plaintiff's Motion for Class Certification (Doc. No. 17) (hereinafter "Opposition") submitted by Defendants Velocity Investments, LLC ("Velocity") and McCollough Payne & Haan ("MPH"). Plaintiff's Reply is limited to respond to the arguments raised by Defendants. For the reasons set forth in Plaintiff's previously filed Memorandum and supporting documents (Doc. No. 14) as well as this Reply Memorandum, Plaintiff's Motion for Class Certification should be granted.

**I.    ARGUMENT**

At the outset of its Opposition Defendants complain that their alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et al.*

(hereinafter "FDCPA") is "at best, a hyper-technical, immaterial violation of an already technical statute."  Opposition p. 2 of 19.[1]  Defendants' criticism of the FDCPA is misplaced.  "These are not technical violations, but rather represent the exact types of conduct Congress sought to prevent."  <u>Terry v. C& D Complete Bus. Sols.</u>, No.  09 00799 CV W DGK, 2011 WL 144920, at *7 (W.D. Mo. Jan. 18, 2011).

Addressing a collection letter factually similar to the letter at issue here, a district court has found that:  "Listing [the debt buyer] on the reference lines, particularly when followed by the unusual abbreviation `A/P/O' and the name of the original creditor, easily could have failed to alert the least sophisticated consumer that her debt was now owned by [the debt buyer]."  <u>Eun Joo Lee v. Forster & Garbus LLP</u>, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013).  "There is nothing identifying the relationship of either [the debt buyer] or [the original creditor] to the debt and the Collection Letter does not explain why these entities appear in the letter. The court is also unaware of any commonly understood meaning of `A/P/O' and Defendants do not define the term in the Collection Letter or their motion papers."  <u>Id.</u>  The <u>Lee</u> court found that the consumer had stated a plausible claim for violation of 15 U.S.C. §§1692e and f.  Likewise, in the present

---

[1] The page numbering refers to that affixed in the upper right hand corner of the ECF document.

case Defendants do not explain the meaning of "AAO" or the relationship of Velocity and TD Bank North, NA to the alleged debt.

### A.     RULE 23(a)(1) - NUMEROSITY

Defendants first argue that Plaintiff has not met her burden to establish that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23.  Opposition pp. 5-6 of 19.  Defendants have stated that they sent at least 57 letters in the form of Exhibit A to individuals with Georgia addresses.  See Second Declaration of Shimshon Wexler in Support of Class Certification, filed herewith.

Generally, a class size of 40 is sufficient to satisfy the numerosity requirement.  See, e.g., Swanson v. Am. Consumer Indus., Inc., 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (class of 40); Jordan v. County of Los Angeles, 669 F.2d 1311, 1319-20 (9th Cir.) (class of 39), vacated on other grounds, 459 U.S. 810 (1982); Afro Am. Patrolmens League v. Duck, 503 F.2d 294, 298 (6th Cir. 1974) (class of 35).

Discovery in this case has only just begun.  Plaintiff will submit a declaration updating the elements of class certification once class discovery is completed.

### B.     RULE 23(a)(2) - COMMONALITY

At pages 6-7of their Opposition Defendants argue that Plaintiff has not met the commonality requirement of Fed. R. Civ. P. 23 because she cannot show that the class members incurred a debt which was incurred for personal, family, or household purposes. Defendants are wrong.  Courts have frequently rejected this

argument.

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (internal quotation marks omitted). "For purposes of Rule 23(a)(2), even a single common question will do." *Id.* at 2556. "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999).

In every FDCPA case certified as a class action the courts have necessarily found that the purpose of the debt of the class members was ascertainable and did not create a barrier to certification. Considering an argument similar to Defendants' argument here in certifying a class in the FDCPA case of *Hicks v. Client Services, Inc.*, 2008 WL 5479111, *6 (S.D.Fla., Dec 11, 2008), Judge Dimitrouleas stated that:

> the problems posed by the incompleteness of a debt collector's information on the debts it attempts to collect should not bar consumers from filing suit as a class. Although determining which debts are consumer will require some effort, there are means for making such determinations. Defendant's customers should be able to provide information regarding the debts, and proper drafting of the claim form may help exclude non-consumer debts.

See also: *Collins v. Erin Capital Mgmt., LLC*, 290 F.R.D. 689, 700 (S.D. Fla. 2013); *Gradisher v. Check Enforcement Unit, Inc.*, 203 F.R.D. 271, 277

(W.D.Mich. 2001).

Addressing an argument virtually identical to Defendants' argument here "the Court [found] that identifying the class is sufficiently administratively feasible such that Plaintiff has met her burden of demonstrating that the class is ascertainable." Gold v. Midland Credit Management, Inc., 306 F.R.D. 623, 629 (N.D.Cal. 2014). Also, see: Jenkins v. Pech, No. 8:14CV41, 2015 WL 3658261, *12-*13 (D. Neb. June 12, 2015); Macarz v. Transworld Systems, Inc., 193 F.R.D. 46, 57-58 (D.Conn. 2000) ("any disputes regarding whether a particular class member's debt is consumer or commercial can be remedied through proper drafting of the claim form, and at the damages phase of this case.")

"[I]t appears to the Court that the process of determining whether a debt is a consumer debt would be `relatively straightforward.' There is no reason to believe that the information could not be obtained from Verizon's own customers." Butto v.Collecto Inc., 290 F.R.D. 372, 382 (E.D.N.Y., 2013). "The Court does not find it particularly arduous to ask potential class members the simple question of whether the individual's debt at issue qualifies as a consumer debt." Id, at 683 (citations omitted). Also see: Khoday v. Symantec Corp., 2014 WL 1281600, *29 (D.Minn., March 13, 2014) ("The Court agrees that this minimal inquiry into the nature of each class member's purchase does not defeat commonality.") "Defendant is wrong to suggest that having to separate consumer debts from commercial

debts precludes certification." *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 563 (W.D.Wis. 1999). "In sum, the task of identifying consumer debts will not be such a `massive undertaking' as to preclude certification." *Id.*

Class membership may be determined by a review of (1) the name (individual or business) in which the account was issued, (2) the account records to determine whether the account was used primarily for personal, family, or household purposes, and (3) if a question still remains, the purported class members can be asked a single question to determine whether he or she used the account for personal or business purposes. *Gold v. Midland Credit Management, Inc.*, supra at 629.  "If further identification is needed, Jenkins can identify class members through use of a court-approved notice and claim form." *Jenkins v. Pech*, supra 2015 WL 3658261 at *13.  *See also*: *Wells v. McDonough*, 188 F.R.D. 277, 279 (N.D. Ill. 1999) (persons who have business debt can be "weeded out [of FDCPA class] by asking the class members one question."); *Wilkerson v. Bowman*, 200 F.R.D. 605, 610 (N.D.Ill. 2001) ("Finally, if there is genuine confusion over this issue, class members can be asked a single question to determine whether they are entitled to relief.")

Thus, Defendants' argument against commonality must be rejected.

### C.     RULE 23(a)(3) - TYPICALITY

Defendants next repeat their argument against commonality as the

basis for their argument that Plaintiff has not satisfied the typicality element of Fed. R. Civ.23(a)(3).  Opposition pp. 7-8 of 19.

"A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc.*, supra at 1337.  "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).  Also, see: *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 684-85 (S.D. Fla. 2013), *recon. den.* 289 F.R.D. 674 (S.D.Fla. 2013).

"A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Cooper v.Southern Co.*, 390 F.3d 695, 713 (11th Cir.2004) (citation omitted).  A claim is typical if it arises from the same practices that give rise to the claims of other class members and his or her claims are based on the same legal theory. *Appleyard v.Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Kornburg v. Carnival Cruise Lines,Inc.*, supra at 1337.  See: *Manno v. Healthcare Revenue Recovery Grp., LLC*, supra at 686; *Agan v. Katzman & Korr*, supra at 698-99; *Talbott v. GC Services*, 191 F.R.D. 99, 104 (W.D.Va. 2000); *Borcherding-Dittloff v.Transworld*

*Systems, Inc.*, 185 F.R.D 558, 564 (W.D.Wis. 1999).  In the instant case, typicality is inherent in the class definition, *i.e.*, each of the class members was sent a letter in the form of Exhibit A by the Defendants.  See: *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D. Fla. 2000).

Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) are sought here.  If successful, the class members will share equally in an award of up to $500,000 or 1% of Defendant's net worth whichever is less.  See: Kornberg v. Carnival Cruise Lines, Inc., supra at 1337 (stating that "[d]ifferences in the amount of damages between the class representative and other class members does not affect typicality."); *Newberg on Class Actions* § 3:43 (5th ed.) (footnote omitted).

Therefore, the typicality requirement of Rule 23(a)(3) has been met.

### D.     RULE 23(a)(4) - REPRESENTATIVENESS

Defendants also argue that Ms. Sanchez and her attorney Shimshon Wexler are not adequate to represent the class and fail to meet the requirements of Fed. R. Civ. P. 23(a)(4).     Opposition pp. 8-9 of 19.  Defendants complain that Ms. Sanchez has not been deposed, but as pointed out above discovery has just begun.  Should Defendants depose Ms. Sanchez, they may seek to supplement their Opposition.

"The adequacy-of-representation requirement 'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the

representatives will adequately prosecute the action.' " *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1323 (11th Cir.2008).  See: *Manno v. Healthcare Revenue Recovery Grp., LLC*, supra at 688.

      Ms. Sanchez understands her responsibilities as the class representative.  Plaintiff's Georgia counsel Mr. Wexler has been in practice over 5 years and has been appointed as class counsel in several cases.  See Declaration of Shimshon Wexler in Support of Class Certification (Doc. 14-3).  In addition, O. Randolph Bragg, who has been admitted *pro hac vice* on December 4, 2015 has joined in the representation of Ms. Sanchez in this matter. Mr. Bragg has been in practice for over 40 years and has been appointed as class counsel in numerous cases, including several within the Eleventh Circuit.  See Declaration of O. Randolph Bragg in Support of Class Certification filed herewith.  "The Declaration of O. Randolph Bragg shows and Defendants concede that Plaintiff's counsel, O. Randolph Bragg, is qualified to conduct class action litigation." *Swanson v. MidAm, Inc.*, supra at 668.  See: *Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 336 (N.D.Ill. 2008) ("Mr. Bragg was described with along with his co-counsel as "highly experienced attorneys, with a significant history of class action litigation experience"); *Borcherding-Dittloff v. Transworld Systems,Inc.*, supra at 563-64 (W.D.Wis. 1999).

      The Rule 23(a)(4) representativeness requirement has been satisfied.  Elize Sanchez should be appointed as the class representative. Also, pursuant

to Rule 23(g), the Court is requested to appoint Shimshon Wexler and O. Randolph Bragg as class counsel.

### E.     RULE 23(b)(3) - PREDOMINANCE

Next Defendants argue that the predominance prong of Fed. R. Civ. P. 23(b)(3) has not been met.   Opposition pp. 10-11 of 19.  As the U.S. Supreme Court has stated "predominance is a test readily met in certain cases alleging consumer ... fraud ..." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625, 117 S.Ct. 2231, 2246 (1997).  "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Id. at 521 U.S. at 623, 117 S.Ct. at 2249.

FDCPA claims arising from a standardized collection letters are often certified to proceed as a class action. Lewis v. ARS Nat. Services, Inc., 2011 WL 3903092 at *5 (M.D.Ala., Sept. 6, 2011) ("To determine whether the collection letters sent by American Recovery Systems violated the FDCPA, the court will not need to question whether each class member was deceived or misled by the privacy notice, because the `least sophisticated consumer' standard governs.") Addressing the predominance element of Rule 23(b)(3) Judge Kovachevich observed that "The essential common factual link between all of the prospective class members is the letters sent by Defendants." Fuller v. Becker & Poliakoff, P.A., supra at 700-01.  "[T]he application of a single federal statute, the FDCPA, will not give rise to any

complex choice of law issues in the trial of the case. The plaintiffs have satisfied the predominance requirement of Rule 23(b)(3)." in *Barnett v. Experian Information Solutions*, 2004 WL 4032909, *4 (E.D.Tex., 2004),

Here each class member was sent the same letter, Exhibit A attached to the Complaint. Each class member presents the same legal question: does a letter in the form of Exhibit A identifying the current owner of the debt as "Velocity Investments, LLC AAO TD BANK NORTH, NA" mislead the least sophisticated consumer in violation of the FDCPA. Thus, the questions affecting the class member presented here predominate over any individual questions.

Defendants complain that the question is "whether MPH must `effectively' convey information [regarding the identity of the current owner of the debt] in its first communication to a debtor." In 1988 addressing the nature of 15 U.S.C. §1692g the Ninth Circuit answered that "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S.Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). Also, see: *Eun JooLee v. Forster & Garbus LLP*, supra. The determination of whether Defendants' letter violated the FDCPA is made from the prospective of the least sophisticated consumer, not from the viewpoint of each individual consumer. *Jeter v. Credit*

*Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the `least sophisticated consumer' would have been misled." *Swanson v. Mid Am, Inc.*, supra at 667.

Thus, Defendants' predominance argument is meritless.

### F.  RULE 23(b)(3) - SUPERIORITY

In their final argument Defendants contend that the second prong of Fed. R. Civ. P. 23(b)(3) - superiority - has not been met. Opposition pp. 11-16 of 19. Defendants are wrong. "Suits brought under the FDCPA such as this case regularly satisfy the superiority requirement of Rule 23." *In re Risk Mgmt. Alternatives, Inc.*, 208 F.R.D. 493 (S.D.N.Y. 2002).

"The focus of superiority analysis is on `the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs.'" *Manno v. Healthcare Revenue Recovery Grp., LLC*, supra at 690 (citations omitted). "The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Carter v. West*, supra at *21. Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. "It is appropriate to bring a class action where the issues involved are common to the class as a whole; the questions of law are applicable in the same way to each class member;

and the class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." *Kelly v. SabreTech Inc.*, 195 F.R.D. 48, 51 (S.D. Fla. 1999)(citation omitted).  S e e *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 618 (S.D.Fla. 2009).

Defendants contend, without a shred of evidence, that class certification would not be the superior method to resolve this litigation because the net worth for MPH "exceed[ing] $5,700,000 are slim." Opposition p. 14 of 19. Defendants' argument posits that a net worth of $5,700,000 is needed to assure that each class member can recover $1,000, the maximum individual recovery available pursuant to 15 U.S.C. §1692k(a).  First, Defendants argument addresses only the net worth of MPH; the net worth of Velocity is ignored.  Debt buyers such as Velocity qualify as debt collectors for FDCPA purposes.  *Ruth v. Triumph P'Ships*, 577 F.3d 790 (7th Cir. 2009); *McKinney v. Cadleway Cadleway Props., Inc.*, 548 F.3d 496 (7th Cir. 2008); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403-06 (3d Cir.2000).  "[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken." *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507,1516 (9th Cir. 1994) (Citicorp held vicariously liable). "Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct." *Martinez v.Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502

(D.N.M. 1994) (citation omitted).  The combine net worth of Velocity and MPH may exceed Defendants' illusory goal of $5,700,000.

Second, claims which may result in small individual recovers are appropriately certified to proceed as class actions.  As the U.S. Supreme Court has held:

> While the text of Rule 23(b)(3) does not exclude from certification cases in which individual damages run high, the Advisory Committee had dominantly in mind the vindication of "the rights of groups of people who individually would be without effective strength to bring their opponents into court at all."  Kaplan, Predatory Note 497.  As concisely recalled in a recent Seventh Circuit opinion:
>
> "The policy at the very core of the class action mechanism is to overcome the problems that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or rights.  A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."  _Mace v. Van Ru Credit Corp._, 109 F.3d 338, 344
> (1997).

_Amchem Products, Inc. v. Windsor_, supra 117 S.Ct. 2231, 2246.

"The _de minimis_ nature of a class recovery is not a bar to certification where the other requirements of Rule 23 have been met."  _Hernandez v. Midland Credit Management, Inc._, 236 F.R.D. 406, 414 (N.D.Ill. 2006).  A l s o ,  s e e :  _Kalish v. Karp & Kalamotousakis, LLP_, 246 F.R.D. 461, 464 (S.D.N.Y.,2007);  _Warcholek v. Medical Collections System,Inc._ 241 F.R.D. 291, 295 (N.D.Ill. 2006); _Abels v. JBC Legal Group, P.C._, 227 F.R.D. 541, 547 (N.D.Cal. 2005); _Nichols v. Northland Groups, Inc._, 2006

WL 897867, *11 (N.D.Ill., Mar. 31, 2006); <u>Ballard v. Equifax Check Services, Inc.</u>, 186 F.Supp. 589, 600 (E.D.Cal. 1999); <u>Weber v. Goodman</u>, 9 F.Supp.2d 163, 169-171 (E.D.N.Y. 1998); <u>Wells v. McDonough</u>, 1998 WL 160876, *7 (N.D.Ill., March 31, 1998).

As the court in <u>Jordan v. Commonwealth Fin. Sys.</u>, 237 F.R.D. 132, 139-40 (E.D.Pa., July 27, 2006), stated: "Assuming arguendo the validity of [the debt collector's] methodology for ascertaining its net worth, the Court finds that class action litigation would still be a superior method of resolving the potential FDCPA claims."

## II.   **CONCLUSION.**

As discussed above and in Plaintiff's opening Memorandum in support of class certification, the class proposed here satisfies the requirements of Rule 23(a) as well as Rule 23(b)(3).  The Court should certify this action to proceed as a class action.

/s/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
Tel : (312) 372-8822
Fax : (312) 372-1673
rand@horwitzlaw.com

 s/ Shimshon Wexler
Shimshon Wexler
THE LAW OFFICES OF

SHIMSHON WEXLER, P.C.
315 W Ponce de Leon Ave Suite 250
Decatur, GA 30030
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com

**ATTORNEYS FOR PLAINTIFF
ELIZE SANCHEZ**

## **CERTIFICATE OF SERVICE**

I, Shimshon Wexler, certify that on December 7, 2015, a copy of this document was sent via Case Management / Electronic Case Filing (CM/ECF)


Kathryn S. Whitlock, Esq.
Hawkins Parnell Thackston & Young LLP 303
Peachtree St. NE Suite 4000
Atlanta, GA 30030

/s/ *Shimshon Wexler*